## (March 12, 1965)

■ HIGHLAND DEVELOPMENT CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36957.) — *Per Curiam.* Appeal by the State and cross appeal by the claimant from a judgment of the Court of Claims awarding claimant $691,270 plus interest for the appropriation for the purposes of highway construction of 28.217 acres of land adjoining the Jericho Turnpike in the Town of Huntington, Suffolk County. The State asserts that this case must be remanded to the Court of Claims for a new trial at which the property involved can be re-evaluated in light of an easement acquired by the State in 1950 along two thirds of claimant's frontage on the Jericho Turnpike. It is abundantly clear, however, that at the time of the trial the State was aware of this easement. Despite this knowledge not only did the State not raise the issue at the trial but its requested findings of fact and conclusions of law indicate specifically that it did not consider there was, in fact, a depreciation in value due to the easement. Further, the State's appraiser when queried concerning the effect of the easement on his valuation of the taking discounted its effect completely and asserted flatly that his determination would have been the same whether the easement was there or not. This issue, if it was material to the case, should have been raised in the trial court, and since it was not, it cannot be raised here on appeal as grounds for reversal (see 9 Carmody-Wait, New York Practice, pp. 26–27). *Guptill Holding Corp.* v. *State of New York* (20 A D 2d 832) is inapposite. There the question was "a basic legal issue, fundamental to the recovery — that of title and ownership", which could not have been obviated had it been raised; here the parties knew of the easement and discounted its effect. Nor can we find any reason advanced by the claimant in his cross appeal which would warrant an increase in the award. Even if the court below erred in attributing an after-value to a portion of the residential land involved, its after-value for the entire

parcel was still lower than claimant's after-value. Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.